IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| J.H., by next friend BETTY HARRIS | ) | |
| | ) | |
| v. | ) | NO. 3:14-2356 |
| | ) | |
| WILLIAMSON COUNTY, TENNESSEE; | ) | |
| BETSY ADGENT; SHARON GUFFEE; | ) | |
| STEVE MCMAHAN and JUAN CRUZ | ) | |

**MEMORANDUM**

Pending before the Court is Defendant Williamson County's Motion for the Appointment of a Guardian Ad Litem (Docket No. 70), to which Plaintiff has responded in opposition. For the reasons stated below, Defendant Williamson County's Motion will be GRANTED, and a guardian ad litem will be appointed for the minor, J.H (the "Plaintiff" or "J.H.") by separate order.

**I.     BACKGROUND**

The factual allegations underlying this action involve the alleged rape and/or statutory rape of a juvenile, Plaintiff J.H., who was housed in the Williamson County Juvenile Detention Center (the "Juvenile Detention Center"), by Defendant Juan Cruz, who worked at the Juvenile Detention Center. Docket No. 1 at ¶ ¶ 20-51. Defendant Cruz was an employee of Defendant Williamson County at the time. Docket No. 1 at ¶ ¶ 3-4. Plaintiff also asserts claims arising out of his same time in detention against Juvenile Services Director Betsy Adgent, Detention Supervisor Steve McMahan, and Williamson County Juvenile Court Judge Sharon Guffee. Docket No. 1 at ¶ ¶ 5-

7.[1] Because J.H. is a juvenile, and therefore lacks the legal capacity to sue in his own right, he appears before this Court through next friend, his mother, Betty Harris. Docket No. 1 at ¶ ¶ 1-2.

Williamson County asserts that a potential conflict of interest exists between Plaintiff and Ms. Harris, which necessitates appointment of an independent guardian ad litem. *See* Docket No. 71.[2] Williamson County argues that appointment of a guardian ad litem is appropriate because there is at least a potential conflict of interest between Plaintiff and Ms. Harris, given that certain of the damages sought in this suit are personal to Ms. Harris and not recoverable by Plaintiff. Williamson County also contends that Plaintiff's deposition testimony that he was never informed of a settlement offer made by Williamson County further demonstrates the existence of a conflict of interest that warrants appointment of a guardian ad litem. Plaintiff contends that, for multiple reasons, a guardian ad litem is neither necessary nor appropriate. *See* Docket No. 76.

II.     **LEGAL STANDARD**

Under Rule 17 of the Federal Rules of Civil Procedure, whenever a minor has a representative, such as "a general guardian," the representative may sue or defend on behalf of the minor. Fed.R.Civ.P. 17(c)(1)(A).[3] Rule 17(c)(2) provides that a minor who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem, and that when the minor is without any representative, "[t]he court must appointment a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

---

[1] This matter was stayed for a period of time pending resolution of a criminal proceeding against Defendant Cruz. Docket No. 16. Upon the conclusion of that proceeding, in which Defendant Cruz was found not guilty, the stay was subsequently lifted. Docket No. 19.
[2] The timing of Williamson County's motion is based, in part, on a second mediation scheduled for December 9, 2016.
[3] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

"As a general rule, a federal court cannot appoint a guardian ad litem in an action in which the [minor] already is represented by someone who is considered appropriate under the law of the forum state." § 1570, Charles Alan Wright et. al., Suits by or Against Infants and Incompetent Persons—In General, 6A Fed. Prac. & Proc. Civ. § 1570 (3d ed.) (April 2016 update). Under Tennessee law, a parent may maintain a civil action as next friend on behalf of her minor child. *Neale v. United of Greater Kingsport*, No. E2014-01334-COA-R3-CV, 2015 WL 2537119 at *8-9 (Tenn. App. July 28, 2015).[4] However, when the minor's next friend refuses to act or the next friend's own interests conflict with those of the minor, "[c]ourts, both state and federal, always have had the power to appoint special representatives under those circumstances." Charles Alan Wright et. al., Suits by or Against Infants, *supra*. *See also Hoffert v. General Motors Corp.*, 656 F.2d 161, 164 (5th Cir. 1981) ("Courts have consistently recognized that they have inherent power to appoint a guardian ad litem when it appears that the minor's general representative has interests which may conflict with those of the person he is supposed to represent.") (collecting cases). This power fulfills the courts' obligation to protect the interests of minors. A federal court may enter orders or appoint such guardians as is necessary for the protection of those interests. *See* Fed.R.Civ.P. 17(c); *Noe v. True*, 507 F.2d 9, 11 (6th Cir. 1974).[5] The decision of whether or not to appoint a guardian ad litem is within the sound discretion of the trial court and will not be

---

[4] See also Tenn. R. Civ. P. 17.03, which provides that whenever a minor does not have a court-appointed representative, the minor may sue by next friend. Under the plain language of Tenn. R. Civ. P. 17.03, a next friend is distinct from a court-appointed representative. As Williamson County correctly notes, this is consistent with federal law. *Doe v. Carnival Corp.*, 37 F.Supp.3d 1254, 1258-59 (S.D. Fla. 2012) ("The case law with respect to next friends and guardians ad litem makes clear that to 'appoint' a legal representative for a minor requires some judicial intervention. Generally speaking, appointment of a next friend or guardian ad litem under Rule 17(c) required deliberate action by the court.")

[5] Under Tennessee law, a guardian ad litem may also be appointed as needed to protect the interests of a minor. *See* Tenn. Code Ann. § 34-1-107(a)(1) ("[t]he court may appoint a guardian ad litem in any proceeding …") and Tenn. R. Civ. P. 17.03 ("The Court shall at any time after the filing of the complaint appoint a guardian ad litem … whenever justice requires.")

disturbed unless there has been an abuse of discretion. *Black v. Koch Transfer Co.*, 9861 F.2d 719 (6th Cir. 1988) (citing *Developmental Disabilities Advocacy Center, Inc. v. Melton*, 689 F.2d 281 (1st Cir. 1982)).

**III. FINDINGS**

The Court first considers Williamson County's argument that Plaintiff and Ms. Harris have competing financial interests in the outcome of this litigation, which creates a conflict that warrants appointment of guardian ad litem. There is no dispute that the damages claimed include millions of dollars for things such as loss of business revenues, home foreclosure, property tax penalties, moving costs, and payments to outside individuals. *See* Docket Nos. 72-1 and 72-3. Without expressing any opinion as to whether these damages will ultimately be recoverable, the Court does find that Ms. Harris's interest in obtaining some kind of recompense for what is a very substantial personal loss to her creates a conflict between her interests and those of Plaintiff. This is not meant to imply that Ms. Harris is unable or unwilling to protect the interests of J.H. But, if Ms. Harris's own financial interests make a potential settlement or other resolution of this case more difficult for J.H. to any extent, that fact causes sufficient concern for the Court to find that a guardian ad litem is necessary.[6] Appointment of a guardian ad litem will ensure that there is no question about whether J.H's interests, including his financial interests in the outcome of this case, are adequately protected.[7]

---

[6] The Court disagrees with Plaintiff's attorney that consideration of the nature and kind of damages claimed requires her to divulge privileged communications. As contemplated by discovery rules, the damages have been identified and described in discovery. No other information is necessary to the Court's determination that there are competing financial interests between J.H. and Betty Harris that make appointment of a guardian ad litem appropriate.

[7] Additionally, appointment of a guardian ad litem now will avoid the potential of this issue arising later should there be a subsequent request for approval of a settlement.

In a related, but slightly different argument, Williamson County also asserts that the conflict presented by Ms. Harris's competing financial interests is further demonstrated by the fact that no one informed J.H. of the existence of a settlement offer made at the previous mediation. *See* Docket No. 72-2. Plaintiff's attorney again argues that addressing this argument requires her to divulge privileged information (*see* Docket No. 76 at 3 ("The second attack launched against counsel is an accusation that there has been a lack of communication between this counsel and J.H. regarding the status of his lawsuit …")) and that any purported ethical violation should be "challenged in the forum of the Board of Professional Responsibility and not this Court." Docket No. 76 at 10. Those arguments are red herrings.

Although the full transcript of J.H.'s deposition was not provided to the Court, throughout the deposition excerpts that were submitted, Plaintiff's attorney was vigilant in guarding against improper inquiry into privileged communications. J.H.'s specific statement that he was unaware of the amount offered by Williamson County at mediation was not objected to by counsel. J.H. not only made that statement in response to a direct question (Docket No.72-2 at 3), he also asked counsel for Williamson County what the offered settlement number was (Docket No. 75-3 at 4, Line 22). The Court finds that there is at least some question about the extent to which J.H. understood that a settlement offer was made by Williamson County.[8] That fact further bolsters the need for a guardian ad litem in this case.

The most compelling arguments made by Plaintiff in opposition to appointment of a guardian ad litem are that the minor child has a right to counsel of his choice, and that some harm will result to J.H. if a guardian ad litem is appointed. The first of these arguments is easily dispensed with. The Court finds inapposite the *Miller v. Dacus*, 231 S.W.3d 903 (Tenn. 2007) case

---

[8] Once provided with the number, J.H. also testified that the offer was inadequate. Docket No. 75-3 at 4-5.

relied upon in support of the argument that J.H. may choose his own counsel. That case, and the rules to which Plaintiff alludes, are addressed to a minor's capacity to consent to medical treatment for purposes of a health care liability action premised on lack of informed consent. They do not direct this Court's consideration of whether a guardian ad litem is appropriate. *Noe v. True*, 507 F.2d. at 12 ("While it would not be at all improper for the court, upon consideration, to appoint the child's attorney as her guardian ad litem, the mere presence of an attorney representing her in the action is insufficient of itself to protect her personal interests in the action.").

Moreover, appointment of a guardian ad litem does not deprive J.H. of any right he may have to his own attorney. In *Noe v. True*, the Sixth Circuit held that it was error to refuse to appoint a guardian ad litem for the minor plaintiff even though she was represented by counsel, because the duties of the guardian ad litem involve "a role not ordinarily contemplated by the simple attorney-client relationship." *Id*. *See also McCaslin by McCaslin v. Radliff*, 168 F.R.D. 249, 256 (D. Neb. 1996), *aff'd without opinion*, 141 F.3d 1169 (8th Cir. 1998) (legal counsel is not equivalent to guardian ad litem).

Perhaps Plaintiff misapprehends the role of a guardian ad litem under Rule 17(c). The purpose of a guardian ad litem under Rule 17(c) is to assist the court in arriving at an outcome that is in the minor's best interests, akin to the role of a guardian ad litem in a non-juvenile proceeding in state court. *See* Tenn. Code Ann. § 34-1-107. Described by the Sixth Circuit as "a representative of the court to act for the minor in the cause," the guardian ad litem functions to objectively "prosecute, control, and direct the litigation" in the minor's best interests. *True v. Noe*, *supra*. As the Sixth Circuit further explained in affording quasi-judicial immunity to guardians ad litem:

> [An attorney] who function[s] as guardian ad litem for [a minor], must act in the best interests of the child he represents. Such a position clearly places him squarely within the judicial process to accomplish that goal. A guardian ad litem must also be able to function without the worry of possible later harassment and intimidation

from dissatisfied parents. Consequently, a grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as an advocate in judicial proceedings.

*Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984).[9] Plaintiff's counsel is not displaced by the appointment of a guardian ad litem.

The Court does not take lightly the argument that J.H. will suffer emotional trauma by the introduction of a guardian ad litem into this proceeding.[10] J.H.'s best interests are the Court's paramount consideration. It is because of J.H.'s interests that, given the concerns previously discussed, the Court cannot simply abdicate its "responsibility for determinations made on behalf of" a minor party. *See True v. Noe*, *supra*. The Court has considered J.H.'s fragile emotional state, and has no reason to doubt that the appointed guardian ad litem will also be mindful of J.H.'s circumstances. The Court expects the guardian ad litem to use sound discretion in developing a relationship with J.H., including working with J.H.'s therapists and those with whom J.H. already has established trust. The Court also expects that Plaintiff's next friend, counsel, and therapists will cooperate with the guardian ad litem, particularly in reassuring J.H. about the role of this Court's appointed guardian ad litem.

The Court has considered the additional arguments made by Plaintiff, many of which are without any legal support, and finds them unconvincing. With all else said, if there is any question

---

[9] In contrast, Rule 40 of the Tennessee Supreme Court Rules, which sets forth the obligations of guardians ad litem in juvenile court neglect, abuse and dependency proceedings, specifically provides that the guardian ad litem functions as the child's attorney, and gives clear direction for the responsibilities and duties of the guardian ad litem when the child's best interests and the child's preferences are in conflict. Tenn. S. Ct. R. 40(c)(1), (e), and (f).

[10] The Court cannot make the finding urged by Plaintiff's counsel that J.H. will suffer an "*intolerable* risk of harm" (Docket No. 76 at 9) (emphasis added) by the appointment of a guardian ad litem. The letters offered by J.H.'s therapists are not only hearsay, they rely on other hearsay, namely, a referenced letter from Plaintiff's counsel, the contents of which are completely unknown to the Court. Additionally, as stated, the Court trusts that the guardian ad litem will be appropriately considerate of any issues J.H. faces, including his emotional sensitivities.

whether a minor's interests are adequately protected, those interests are best safeguarded by appointment of a guardian ad litem. The information provided to the Court, taken as a whole, sufficiently demonstrates that appointment of a guardian ad litem is warranted in this case.

IV. CONCLUSION

For the foregoing reasons, the Court exercises its discretion to appoint a guardian ad litem in this case. Defendant Williamson County's Motion for the Appointment of a Guardian Ad Litem (Docket No. 70) is therefore GRANTED. A separate order appointing a guardian ad litem will issue.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge