IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

J.H., by next friend BETTY HARRIS )
)
v. ) NO. 3-14-2356
) JUDGE TRAUGER
WILLIAMSON COUNTY, )
TENNESSEE, et al. )

MEMORANDUM AND ORDER

Pending before the court is Plaintiff's Motion for Review of Magistrate's Order (Docket No. 84). Defendants have filed a Response (Docket No. 93), and Plaintiff has filed a Reply (Docket No. 99). Plaintiff seeks review of the Magistrate Judge's Order (Docket No. 81), which granted Defendant Williamson County's Motion for Appointment of a Guardian Ad Litem for the minor Plaintiff, J.H., and appointed attorney Matt Potempa to serve in that role.

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the court may reverse or modify the ruling of the Magistrate Judge only if it is clearly erroneous or contrary to law. For the reasons set forth below, the court finds that the ruling of the Magistrate Judge is neither clearly erroneous nor contrary to law, and the Order of the Magistrate Judge is AFFIRMED.

This action was filed by Betty Harris as next friend/mother of J.H., a minor. The Complaint alleges that, while being housed in the Williamson County Juvenile Detention Center, J.H. was sexually assaulted by an employee of Williamson County. The Complaint also alleges that J.H. was unlawfully placed in solitary confinement.

Defendant Williamson County has asserted that a potential conflict of interest exists between J.H. and his next friend/mother, Betty Harris. Defendant argues that the appointment of an independent guardian ad litem is appropriate because certain damages sought in this action are

personal to Ms. Harris and not recoverable by J.H., thereby creating a conflict of interest. Defendant also claims that J.H. was never informed of a settlement offer made by Williamson County, demonstrating further the need for a guardian ad litem to represent J.H.'s interests. On the other hand, Plaintiff argues that Ms. Harris, as next friend and mother of J.H., is protecting the best interests of the child and that no further representation for J.H. is needed.

Rule 17 of the Federal Rules of Civil Procedure provides:

> A minor or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c). The decision to appoint a guardian ad litem rests within the sound discretion of the district court. *M.F. v. Malott*, 2012 WL 1950274 at * 4 (S.D. Ohio May 30, 2012).[1]

The parties do not dispute that J.H. does not have a "duly appointed representative" under Tennessee law.[2] Tennessee Rule of Civil Procedure 17.03 makes clear that a next friend is distinct from a duly appointed representative. Even if Ms. Harris were a duly appointed representative in this case, the court may appoint a guardian ad litem where the interests of the appointed representative conflict with, or are antagonistic to, the minor person. *M.F.*, 2012 WL 1950274 at * 4; 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1570 (3d ed. April 2016 Update).

---

[1] Similarly, Rule 17.03 of the Tennessee Rules of Civil Procedure places the appointment of a guardian ad litem within the sound discretion of the trial judge and requires that the trial judge appoint the guardian ad litem whenever justice requires. Tenn. R. Civ. P. 17.03.

[2] An individual's capacity to bring suit is determined by the law of the person's domicile; in this case, Tennessee state law. Fed. R. Civ. P. 17(b)(1).

Here, although she is not a party to the lawsuit, Betty Harris has claimed damages personal to her and not recoverable by J.H. For example, in her interrogatory answers, Ms. Harris stated that she was claiming damages for lost business revenues, home foreclosure, property tax penalties, and moving costs and eviction. In deposition testimony, she expressed an expectation of recovering losses personal to her. Ms. Harris's potential conflict and financial interest in the outcome of this litigation make the Magistrate Judge's Order appointing a guardian ad litem appropriate and neither clearly erroneous nor contrary to law.

Defendant points out that J.H. testified that no one had informed him that a settlement offer had been made or the value of that offer. Plaintiff's counsel insists that Defendant is using this argument to force disclosure of attorney-client privileged communications. This deposition testimony of J.H., however, was not objected to by counsel, and there is no evidence that his statement opens the door to disclosure of privileged information. In any event, any failure to inform J.H. about settlement discussions is not the only reason a guardian ad litem is needed in this case.

Plaintiff contends that appointing a guardian ad litem would subvert the role of Plaintiff's attorney in this case. To the contrary, appointing a guardian ad litem allows Plaintiff's counsel to continue to represent both J.H. and his mother in spite of the potential conflicts in their interests. The duties of a lawyer for a party and the duties of a guardian ad litem are different. *McCaslin v. Radcliff*, 168 F.R.D. 249, 256 (Neb. 1996); *Keisling v. Keisling*, 196 S.W. 3d. 703, 729 (Tenn. Ct. App. 2005). A guardian ad litem is not appointed to serve as counsel, but to act for the minor, with authority to engage counsel, file suit, and to prosecute, control and direct the litigation. *Noe v. True*, 507 F.2d 9, 11-12 (6th Cir. 1974). The purpose of the guardian ad litem is to protect the interests of

the minor or incompetent person with full responsibility to assist the court to secure a just, speedy and inexpensive determination of the action. *Id.*[3]

Plaintiff also argues that appointing a guardian ad litem is contrary to the interests of justice because of J.H.'s fragile mental health condition. The Magistrate Judge expressly considered this factor and found no reason to doubt that the appointed guardian ad litem will be mindful of J.H.'s circumstances. Plaintiff has submitted an Affidavit (Docket No. 84-4) from one of J.H.'s mental health treating providers, Glynn Dilbeck, who states that assigning a guardian ad litem for J.H. would create an unacceptable and intolerable risk of safety and psychological setback for J.H.[4]

To the contrary, as noted, the guardian ad litem's sole purpose is to protect the interests of the child. There is no evidence before this court that the guardian ad litem will not be mindful of J.H.'s circumstances or will not use sound discretion in developing a relationship with J.H., including working with those with whom J.H. has already established trust. As the Magistrate Judge stated, the court also expects J.H.'s next friend, counsel and therapists to cooperate with the guardian ad litem in reassuring J.H. about the role of a guardian ad litem.

Finally, Plaintiff argues that the Magistrate Judge's selection of Mr. Potempa to be J.H.'s guardian ad litem was made without any consideration of his legal competence to fill this role. Plaintiff has offered no evidence as to what the Magistrate Judge considered or did not consider and no evidence, other than a website, concerning Mr. Potempa's legal competence. The court trusts

---

[3] Contrary to Plaintiff's assertions, the court does not read the Magistrate Judge's Order as finding that Plaintiff's counsel has failed to carry out the duties of counsel.

[4] Dr. Dilbeck also asserts that "the persons involved would NOT consider J.H.'s psychological well-being." There is no evidence of this asserted fact.

4

the Magistrate Judge's conclusion[5] that Mr. Potempa will be able to serve as an appropriate guardian ad litem in this case. Plaintiff has failed to show that the Magistrate Judge's selection of Mr. Potempa is either clearly erroneous or contrary to law.

CONCLUSION

For these reasons, the Order of the Magistrate Judge (Docket No. 81) is AFFIRMED, and Defendant Williamson County's Motion for Appointment of a Guardian Ad Litem (Docket No. 70) is GRANTED.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[5] Indeed, Magistrate Judge Holmes, having served for some time as a judicial officer in the Davidson County Juvenile Court, is uniquely qualified to render a decision on this issue.