IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

J.H., by next friend BETTY HARRIS )
)
v. ) NO. 3-14-2356
) JUDGE TRAUGER
WILLIAMSON COUNTY, )
TENNESSEE, et al. )

MEMORANDUM AND ORDER

Pending before the court is Plaintiff's Motion to Review Denial of Motion to Amend Complaint (Docket No. 153). Defendants have filed Responses (Docket Nos. 164 and 166), and Plaintiff has filed a Reply (Docket No. 172-1). Plaintiff seeks review of the Magistrate Judge's Order (Docket No. 143), which denied Plaintiff's Motion to Amend Complaint and Motion for Relief from the Scheduling Order (Docket No. 109).

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the court may reverse or modify the ruling of the Magistrate Judge only if it is clearly erroneous or contrary to law.[1] For the reasons set forth below, the court finds that the ruling of the Magistrate Judge is neither clearly erroneous nor contrary to law, and the Order of the Magistrate Judge is AFFIRMED.

ANALYSIS

This action alleges civil rights violations by Defendants against J.H., a minor who was incarcerated in the Williamson County Juvenile Detention Center at various times from May 2013 until December 2013. Pursuant to the Initial Case Management Order, the deadline for filing any

---

[1] Plaintiff argues that the pending motion is dispositive and the Magistrate Judge's Order is, therefore, subject to *de novo* review. But the court must, by necessity, determine the motion for relief from a scheduling order first, and that motion is not dispositive.

motions to amend the pleadings was June 3, 2016. Docket No. 31. This deadline was agreed upon and proposed by the parties in their proposed Joint Initial Case Management Order. Docket No. 25.

Plaintiff did not seek relief from the deadline for filing amendments at any time prior to the June 3, 2016 deadline. At a September 23, 2016 case management conference, Plaintiff's counsel advised the Magistrate Judge that she wished to file a motion to amend the Complaint. The court gave Plaintiff a deadline of December 19, 2016, to file a motion for an extension of the amendment deadline. Docket No. 79. An opinion on the merits of any request by Plaintiff for relief from the amendment deadline was expressly reserved. *Id*.

On December 19, 2016, more than six months after the amendment deadline, Plaintiff filed a Motion to Amend the Complaint and for Relief from the Scheduling Order. Docket No. 109. Plaintiff's proposed Amended Complaint is 106 pages long and, among other things, names twelve additional Defendants. [2]

The court must first determine whether Plaintiff's request for relief from the scheduling order has merit, for if it does not, then the proposed amended complaint is untimely filed. Under the Federal Rules of Civil Procedure, once a scheduling order is entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Even though motions for leave to amend are normally "freely given," a different standard applies when the proposed amendment is so late that it would require modification of the Rule 16 scheduling order. *Stewart v. King*, 2011 WL 237678 at * 4 (M.D. Tenn. Jan. 24, 2011) (citing *Korn v. Paul Revere Life Ins. Co.,* 382 Fed. App'x. 443, 449 (6th Cir. 2010)).

---

[2] The Magistrate Judge correctly noted that the filing of this Amended Complaint, adding twelve new Defendants and totaling 106 pages, would be prejudicial to Defendants.

Good cause is measured by the movant's diligence in attempting to meet the case management order's requirements. *Stewart* at * 5. That is, the Plaintiff must show that despite his diligence, he could not meet the original deadline. *Id*.

Plaintiff makes numerous arguments as to why he could not have filed his Motion to Amend and proposed Amended Complaint by the June 3, 2016 deadline. Plaintiff is focused on the wrong question, however.[3] The issue is whether Plaintiff had good cause for failing to request that the scheduling order deadline be extended. Even if Plaintiff was not completely "ready" to file his proposed Amended Complaint, he could easily have sought relief from the June 3, 2016 deadline before that deadline passed. Certainly he could have sought relief from that deadline before six months had passed. Plaintiff's Motion states that "Plaintiff did not have sufficient time to obtain information needed for an amended complaint." Docket No. 153. So, Plaintiff should have asked for more time, but he did not.

Plaintiff has failed to show that despite his diligence, he could not meet the June 3, 2016 deadline. In other words, Plaintiff has failed to carry his burden of showing good cause for extending the scheduling order deadline. The decision of the Magistrate Judge is neither clearly erroneous nor contrary to law, and that decision is affirmed.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[3] For example, Plaintiff's arguments about the delays in discovery are relevant to why he needed additional time to file an Amended Complaint, but they are not excuses for failing to file a timely request to amend the scheduling order.