**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| J.H., by next friend BETTY HARRIS | ) | |
| | ) | |
| v. | ) | NO. 3-14-cv-02356 |
| | ) | JUDGE TRAUGER |
| WILLIAMSON COUNTY, | ) | |
| TENNESSEE, et al. | ) | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff's Motion for Reconsideration under Fed. R. Civ. P. 54(b) or, in the Alternative, for Interlocutory Appeal on Denial of Relief from the Scheduling Order to Amend the Complaint (Docket No. 204). Defendants have filed responses in opposition to Plaintiff's Motion (Docket Nos. 207 and 208). For the reasons stated herein, Plaintiff's Motion is DENIED.

Plaintiff asks the court to reconsider its Order (Docket No. 187) that affirmed an Order of the Magistrate Judge (Docket No. 143), which denied Plaintiff's Motion to Amend Complaint and Motion for Relief from Scheduling Order (Docket No. 109).

In the instant Motion, Plaintiff contends that the court failed to consider two arguments: (1) Defendant's concealment of materials relevant to Plaintiff's cause of action, and (2) the limitations posed by Plaintiff's disability of minority and compromised mental status. Plaintiff raised both of these issues in his Motion for Review of the Magistrate Judge's Order (Docket No. 153).

RULE 54(b)

The Federal Rules of Civil Procedure provide that any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties'

rights and liabilities. Fed. R. Civ. P. 54(b). In the Sixth Circuit, Rule 54(b), in addition to the common law, provides the basis for the court to reconsider an interlocutory order. *Campos v. MTD Products, Inc.,* 2009 WL 2252257 at * 15 (M.D. Tenn. July 24, 2009).

In reviewing a motion for revision under Rule 54(b), courts generally apply the same standards applicable to a Rule 59(e) motion for reconsideration, which is only granted for one of three reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence or a change in controlling law; or (3) to prevent manifest injustice. *Jackson v. Novastar Mortgage, Inc.*, 645 F.Supp.2d 636, 642 (W.D. Tenn. 2007); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). A party may not simply reargue its prior position in the hope that the court will change its mind. *Al-Sadoon v. FISI Madison Financial Corp.*, 188 F.Supp.2d 899, 902 (M.D. Tenn. 2002).

## AMENDING THE SCHEDULING ORDER

In its previous Order, the court found that Plaintiff had not shown good cause to amend the scheduling order. Under Fed. R. Civ. P. 16(b)(4), the scheduling order may be modified only for good cause and with the judge's consent. *Ott v. Publix Super Markets, Inc.*, 298 F.R.D. 550, 558 (M.D. Tenn. 2014). In determining whether good cause exists, courts consider the diligence of the party seeking the extension and whether the opposing party will suffer prejudice by virtue of the amendment. *Id*. A decision to change a scheduling order is a matter of the court's discretion. *Id*. A motion to modify a Rule 16(b) scheduling order is a non-dispositive matter subject to review under the clearly erroneous or contrary to law standard. *GCA Servs. Group, Inc. v. ParCou, LLC*, 2016 WL 7192175 at * 3 (W.D. Tenn. Dec. 12, 2016).

In seeking reconsideration, Plaintiff does not allege any error or change in the law or any newly-discovered evidence. Plaintiff argues manifest injustice, in that the court failed to consider Defendant's alleged concealment of information and Plaintiff's alleged disability and minority status. The court did consider these factors, and Plaintiff has failed to meet the standards of Rule 54(b).

First of all, the Magistrate Judge found that Defendants did not conceal information. (Docket No. 143, p. 5) ("Defendants have been reasonable and cooperative."). Moreover, even if Defendants did not provide certain requested discovery, Plaintiff could have asked, *before the deadline*, for more time in which to obtain that discovery, for an extension until after certain depositions, and/or for additional time to decide about amending the complaint.

Secondly, Plaintiff has been of minority status throughout this litigation. Plaintiff's counsel has known of any alleged difficulties in preparing Plaintiff's case for this reason from the very beginning. Plaintiff certainly knew of this alleged difficulty before the deadline for filing motions to amend and could have requested more time, if justified by this impairment.

As the court stated before, the preliminary question here is whether to amend the scheduling order, not whether to allow Plaintiff to amend the complaint. Once the scheduling order deadline has passed, the court can allow Plaintiff to file an amended complaint only if the scheduling order is modified. Despite the lenient standard of Fed. R. Civ. P. 15(a) with regard to amending the pleadings, a court may deny leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Plaintiff has not carried his burden to show that there was good cause for him not to seek an extension of time under the scheduling order before the deadline for motions to amend the pleadings.

3

The court previously found that allowing this amendment to the scheduling order would be prejudicial to the Defendants and finds no reason to change that ruling. Therefore, Plaintiff's Motion to Reconsider is denied.

## INTERLOCUTORY APPEAL

Plaintiff asks the court, alternatively, for permission to appeal two questions for review by the Sixth Circuit Court of Appeals. Federal law provides: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order." 28 U.S.C. § 1292(b).

Thus, the court, in its discretion, may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

Plaintiff proposes the following questions for review:

> (1) When the plaintiff has set forth a sufficient factual basis raising Defendant's wrongful concealment of facts which would give rise to the claims raised in an Amended Complaint, the District Court should consider this impediment when analyzing the diligence of a party under these circumstances; and

> (2) Where the plaintiff suffers from the disability of minority as well as psychological injury resulting from the acts of the defendant, the Court should analyze any impediment raised by plaintiff when analyzing the diligence of a party under these circumstances.

Plaintiff's request for an interlocutory appeal is denied. Plaintiff has not demonstrated that these questions involve a controlling question of law, or that a substantial ground for difference of opinion exists regarding these questions, or that an immediate appeal may materially advance the ultimate termination of this litigation. In addition, as stated above, the court *did* consider these two factors in making its decision. Moreover, the questions assume facts that are not established in this case. No court has found that Defendants wrongfully concealed information or that Plaintiff suffered psychological injury as a result of any acts of Defendants.

## CONCLUSION

For all these reasons, Plaintiff's Motion for Reconsideration under Fed. R. Civ. P. 54(b) or, in the Alternative, for Interlocutory Appeal on Denial of Relief from the Scheduling Order to Amend the Complaint (Docket No. 204) is DENIED.

IT IS SO ORDERED.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE