IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
J.H., by next friend BETTY HARRIS     )
                                      )
v.                                    )    NO. 3-14-2356
                                      )    JUDGE TRAUGER
WILLIAMSON COUNTY,                    )
TENNESSEE, et al.                     )
```

MEMORANDUM

Pending before the court is an Initial Motion to Dismiss and/or for Partial Summary Judgment[1] (Docket No. 47), filed by Defendants Williamson County, Betsy Adgent, Sharon Guffee, and Steve McMahan (collectively for purposes of this Motion, "Defendants"). For the reasons stated herein, Defendants' Motion will be granted.

INTRODUCTION

This action was brought on behalf of a minor Plaintiff, J.H., by his next friend and mother, Betty Harris, against Williamson County, a governmental entity that operates the Williamson County Detention Center for Juveniles (the "JDC") in Franklin, Tennessee; Juan Cruz, a former employee of Williamson County; Steve McMahon, Supervisor of the JDC; Betsy Adgent, Director of Juvenile Services for the Williamson County Juvenile Court; and Sharon Guffee, Williamson County Juvenile Court Judge. The individual Defendants are sued in both their individual and official capacities.

The Complaint (Docket No. 1)[2] alleges violations of J.H.'s Eighth and Fourteenth Amendment rights. Plaintiff has conceded that J.H. was at all times a pretrial detainee and,

---

[1] Because Defendants have relied upon documents outside the pleadings, the court treats this motion as one for summary judgment, not to dismiss. Fed. R. Civ. P. 12 and 56.

[2] Plaintiff's Motion to Amend the Scheduling Order and Amend the Complaint was denied, so the operative Complaint is the original Complaint at Docket No. 1.

therefore, his Eighth Amendment claims are moot. Docket No. 112, p. 5. Accordingly, Plaintiff's Eighth Amendment claims against all Defendants will be dismissed.

The Complaint also alleges violations of J.H.'s Americans with Disabilities Act ("ADA") rights. Plaintiff has conceded that his ADA claims should be dismissed because the JDC is not a "public accommodation." Docket No. 112, p. 26. Accordingly, Plaintiff's ADA claims against all Defendants will be dismissed.

The parties agree that J.H. was detained at the JDC on multiple occasions between May 2013 and December 2013. The Complaint alleges that J.H. has a medical diagnosis of Pediatric Autoimmune Neuropsychiatric Disorders Associated with Streptococcal Infections ("PANDAS"), which manifests in a variety of behavioral and psychiatric disturbances.[3] Plaintiff alleges causes of action related to alleged solitary confinement, lack of medical and mental health care, limited visitation rights, sexual assault, and negligent and intentional infliction of emotional distress.

In setting the scope of Defendants' Motion for Partial Summary Judgment, the parties agreed that Defendants' partial summary judgment arguments concerning judicial immunity, quasi-judicial immunity, and the *Rooker-Feldman* doctrine are addressed to four specific instances only. Docket No. 67. Plaintiff has represented that he does not challenge the first three of those instances (Docket No. 112, p. 9), so all claims as to the following decisions of Judge Guffee and the actions of any other Defendant to implement those will be dismissed:

> 1. Judge Sharon Guffee's decision following a hearing on October 17, 2013 and reflected in her order filed on October 23, 2013 and in an Agreed Order of the parties signed by Judge Guffee on October 25, 2013 allowing for release of Plaintiff

---

[3] Plaintiff contends that these behavioral disturbances in J.H. resulted in his involvement with the Williamson County Juvenile Court. Docket No. 1, p. 5.

from juvenile detention for purposes of enrolling in treatment at the NeuroRestorative Center, based upon certain conditions.

    2. Judge Guffee's November 14, 2013 decision that Plaintiff be returned to the detention center by midnight and the corresponding written order filed on November 20, 2013.

    3. Judge Guffee's decisions following the November 21, 2013 detention hearing and reflected in her written order filed on November 22, 2013 to continue the detention of Plaintiff and to restrict Plaintiff's mother's visits to one time per week, limit those visits to thirty minutes, and prohibit Plaintiff's mother from bringing anything with her.

Docket Nos. 67, p. 2, and 112, p. 9.

Therefore, the only instance to be addressed on this Motion for Partial Summary Judgment is the following:[4]

> Judge Guffee's decisions following the December 9, 2013 hearing to allow Lee Dryer to withdraw as Plaintiff's counsel after interviewing Plaintiff *in camera*; to continue the detention of Plaintiff under the same terms of confinement with limitations on visitation and communications with parents; and to continue Plaintiff's confinement in a single cell. Defendants also assert that the comments made by Judge Guffee at the December 9 hearing are subject to judicial immunity.

*Id*.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material

---

[4] Defendants do not, at this time, challenge Plaintiff's constitutional claims against Williamson County for failure to train, failure to supervise, and conditions of confinement not related to court-ordered circumstances. Docket No. 48, p. 10.

facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## JUDICIAL AND QUASI-JUDICIAL IMMUNITY

Defendants argue that Judge Guffee is entitled to absolute judicial immunity for the decisions made following the December 9, 2013 hearing and any comments she made at the hearing. It is a well-settled principle in our system of jurisprudence that judges are generally absolutely immune from civil actions for money damages. *Bright v. Gallia County, Ohio*, 753 F.3d 639, 648 (6th Cir. 2014). Absolute judicial immunity can be overcome only in two instances: (1) non-judicial actions, *i.e.,* actions not taken in the judge's judicial capacity; and (2) actions taken in the complete absence of jurisdiction. *Id*. at 649.

Whether an action is judicial depends on the nature and function of the act, not the act itself. *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007). This functional analysis turns on two factors. First,

4

looking to the nature of the act, courts must determine whether it is a function normally performed by a judge. *Id*. Second, looking to the expectations of the parties, courts must assess whether the parties dealt with the judge in her judicial capacity. *Id*.

The term "jurisdiction" is to be broadly construed to effectuate the purposes of judicial immunity. *Bright*, 753 F.3d at 649.[5] A judge will not be deprived of judicial immunity because the action she took was in error, was done maliciously, or was in excess of her authority; rather, she will be subject to liability only when she has acted in the clear absence of all jurisdiction. *Savoie v. Martin*, 673 F.3d 488, 492 (6th Cir. 2012) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Only in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity. *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012).

Plaintiff argues that, in giving directives at the December 9, 2013 hearing, Judge Guffee acted in an administrative, rather than a judicial, capacity. Plaintiff contends that the restrictions Judge Guffee placed on J.H.'s confinement on December 9, 2013, were not actions which she normally performed as a juvenile court judge because she allegedly admitted that she was not involved in the day-to-day care of juveniles incarcerated in the JDC.

The December 9, 2013 hearing, however, was initiated by J.H.'s mother's petition filed with the Juvenile Court on December 4, 2013. In that petition, J.H.'s mother requested three things: (1) that J.H. be removed from his single cell; (2) that the order restricting his mother's visitation be lifted; and (3) that J.H. be released from detention. *See* Docket No. 111-1, ¶¶ 48 and 53. At the

---

[5] Under Tennessee law, the Juvenile Court has exclusive original jurisdiction in proceedings in which a child is alleged to be delinquent, unruly or dependent and neglected. Tenn. Code Ann. § 37-1-103.

hearing, which was attended by Plaintiff, his parents, and his counsel, Judge Guffee denied J.H.'s mother's petition.

Thus, Judge Guffee ruled on the matters at the December 9, 2013 hearing because J.H.'s mother placed those issues directly before the Juvenile Court through her petition. Deciding those issues, commenting upon them, and directing others to act in compliance therewith are all judicial actions, all related to a general function normally performed by a judge. Plaintiff's mother sought relief from Judge Guffee in her judicial capacity, and the parties were before Judge Guffee in her judicial capacity at the hearing on December 9, 2013.

Plaintiff argues that Judge Guffee's actions were not judicial because she engaged in conversations about J.H. outside of court, she relied on incident reports from the JDC in reaching her conclusions, she independently reviewed J.H.'s medical records, she instructed JDC personnel to make a list of J.H.'s concerning behaviors, and she required J.H. to remain in isolation because there was an ongoing investigation. Neither these facts nor the sources of the information upon which Judge Guffee relied in her decisions make Judge Guffee's actual *rulings* at the December 9, 2013 hearing non-judicial.[6]

Plaintiff has not shown that the remaining issues covered by Defendants' Motion for Partial Summary Judgment (Judge Guffee's decisions following the December 9, 2013 hearing to allow Lee Dryer to withdraw as Plaintiff's counsel after interviewing Plaintiff *in camera*; to continue the detention of Plaintiff under the same terms of confinement with limitations on visitation and

---

[6] The case Plaintiff cites for this argument, *Vaughn v. Shelby Williams of Tenn., Inc.*, 813 S.W.2d 132 (Tenn. 1991), raised issues of inappropriate judicial conduct, not judicial immunity.

communications with parents; and to continue Plaintiff's confinement in a single cell) were made without subject matter jurisdiction or in a non-judicial capacity.

Therefore, Judge Guffee is entitled to absolute judicial immunity concerning any decisions from the December 9, 2013 hearing. Defendants are entitled to partial summary judgment on Plaintiff's claims against Judge Guffee that arise from the December 9, 2013 hearing, and those claims will be dismissed.[7]

Defendants also assert that Defendants Adgent and McMahon are entitled to quasi-judicial immunity for actions taken in accordance with Judge Guffee's rulings on December 9, 2013. Absolute judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). As with judicial immunity, the Supreme Court has endorsed a functional approach in determining whether an official is entitled to quasi-immunity. *Id.* (citing *Forrester v. White*, 484 U.S. 219, 224 (1988)). Executing or enforcing a court order is intrinsically associated with a judicial proceeding. *Id.*

Here, the court has found that Judge Guffee's acts on December 9, 2013, were judicial in nature. Similarly, the acts of Adgent and McMahon in carrying out or implementing those directives from Judge Guffee - continuing the detention of Plaintiff under the same terms of confinement with limitations on visitation and communications with parents and continuing Plaintiff's confinement

---

[7] Plaintiff's argument that Judge Guffee's rulings on December 9, 2013, were not judicial because they never became part of a *written* order fails. Judicial decisions made from the bench at a hearing are no less judicial because they are directives given orally. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991).

in a single cell - were basic and integral parts of the judicial function. Adgent and McMahon are entitled to quasi-judicial immunity for these acts.[8]

Officials must be permitted to rely upon a judge's findings and determinations to preserve the integrity of the court's authority and ability to function. *Bush*, 38 F.3d at 848. "It does not seem logical to grant immunity to a judge in making a judicial determination and then hold the official enforcing or relying on that determination liable for failing to question the judge's findings." *Id*.

Accordingly, Defendants are entitled to partial summary judgment on Plaintiff's claims against Defendants Adgent and McMahon arising from Judge Guffee's directives in conjunction with the December 9, 2013 hearing, and those claims will be dismissed.

OTHER DEFENSES

Defendants also ask the court to rule that Williamson County is entitled to summary judgment on any claims that are premised upon the judicial acts of Judge Guffee or the Williamson County Juvenile Court, as such acts are not "policies" for the purposes of Section 1983. This issue goes beyond the scope of the issues agreed to by the parties for Defendants' Motion for Partial Summary Judgment. *See* Docket No. 67. Therefore, the court will not address it at this time.

Finally, Defendants argue that any claims based upon the orders of the Williamson County Juvenile Court should be dismissed, as barred by the *Rooker-Feldman* doctrine. The court having already dismissed the only rulings at issue herein, it need not address *Rooker-Feldman*.

---

[8] The court is ruling solely on actions carrying out the directives of the December 9, 2013 rulings of Judge Guffee. Nothing herein precludes, at this time, any claims for other actions by these two Defendants.

CONCLUSION

For these reasons, Defendants' Motion for Partial Summary Judgment (Docket No. 47) will be granted. An appropriate order will be entered.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE