IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

J.H., by next friend BETTY HARRIS, )
                                                             )
    Plaintiff, )
                                                             )
v. ) NO. 3-14-2356
                                                             ) JUDGE TRAUGER
WILLIAMSON COUNTY, )
TENNESSEE, et al., )
                                                             )
    Defendants )

## ORDER AND MEMORANDUM OPINION

Pending before the court is Plaintiff's Motion to Deem Judgment Final as to Williamson County, Steve McMahan, and Betsy Adgent and Stay Remaining Proceedings Pending Appeal (Docket No. 387).[1] Defendants have filed Responses (Docket Nos. 389 and 390), indicating that they do not oppose Plaintiff's Motion.[2]

Plaintiff asks the court to deem as final the court's Order and Memorandum (Docket Nos. 384-85) granting summary judgment to Defendants Williamson County, Betsy Adgent and Steve McMahan and the court's Order and Memorandum (Docket No. 386) denying Plaintiff's Motion to Strike and Motion in Limine. Plaintiff wishes to appeal these Orders to the Sixth Circuit Court of Appeals. Plaintiff also asks the court to stay the remaining proceeding against Defendant Cruz, pending resolution of the appeal.

---

      [1]     Plaintiff did not actually file a Motion, but the court will treat her Memorandum in Support of Motion (Docket No. 387) as a Motion.

      [2]     Defendants Williamson County, McMahan and Adgent ask the court, if it grants Plaintiff's motion, also to certify an earlier Order in which the court granted partial summary judgment to them and to Defendant Guffee.

BACKGROUND

This action was brought by Plaintiff on behalf of her minor son, alleging constitutional claims against Williamson County and four of its employees. By Order dated May 22, 2017, the court granted summary judgment to Defendants Williamson County, Betsy Adgent, Sharon Guffee and Steve McMahan on the following claims: (1) all claims for violations of the Eighth Amendment; (2) all claims for violations of the Americans with Disabilities Act; and (3) all claims related to certain judicial decisions by Defendant Guffee. Docket No. 217.[3]

By Order dated July 5, 2018, this court dismissed all claims against Defendants Williamson County, McMahan and Adgent and dismissed all constitutional claims for placement in "solitary confinement" and denial of medical and mental health care services. The court dismissed Plaintiff's constitutional claims related to the sexual assault against Defendants Williamson County, McMahan and Adgent. The only remaining claim is Plaintiff's constitutional claim against Defendant Cruz for the alleged sexual assault. Docket No. 385.[4]

CERTIFICATION UNDER RULE 54(b)

Rule 54(b) of the Federal Rules of Civil Procedure provides that when an action presents more than one claim for relief or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay. This Rule 54(b) certification mechanism is designed to strike a balance between the undesirability of piecemeal appeals and the need for making review

---

[3] As a result, all claims against Defendant Guffee were dismissed.

[4] The court specifically declines to adopt Plaintiff's characterizations of its prior Orders and Memoranda and states that those decisions speak for themselves.

available at a time that best serves the needs of the parties. *Gavitt v. Born*, 835 F.3d 623, 638 (6th Cir. 2016). Certification involves two components: entry of final judgment as to one or more, but fewer than all, of the claims or parties, and determination that there is no just reason for delay. *Id*.

The first step in certification, entry of partial final judgment, is satisfied where a decision made by the district court ultimately disposes of one or more but fewer that all of the claims or parties in a multi-claim and/or multi-party action. *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026-27 (6th Cir. 1994) (*cited in Lauve v. Winfrey*, 2018 WL 1556239 at * 1 (E.D. Mich. March 30, 2018)). The second step, no just reason for delay, requires the court to consider the interests of judicial administration as well as the equities of the parties. *Gavitt*, 835 F.3d at 639. The Sixth Circuit has identified a non-exhaustive list of factors to be considered in this second step:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Id*.; *Lowery v. Federal Exp. Corp.*, 426 F.3d 817, 822 (6th Cir. 2005). This step requires the court to balance the needs of the parties against the interests of efficient case management. *Adler v. Elk Glenn, LLC*, 758 F.3d 737, 738 (6th Cir. 2014).

ANALYSIS

The court denies Plaintiff's Motion as it relates to the court's decision on Plaintiff's Motion to Strike and Motion in Limine. That decision does not dispose of any claim or any party and, therefore, does not fall within the parameters of Fed. R. Civ. P. 54(b).

The court has made decisions that dispose of one or more, but fewer than all, of the claims and parties in this action. Four of the five Defendants have been dismissed, and all claims except one constitutional claim have been dismissed. No one opposes certifying these Orders as final. The court will deem the judgments dismissing those claims and parties (Docket Nos. 217 and 385) to be final, pursuant to Fed. R. Civ. P. 54(b).

Plaintiff makes no argument concerning a finding of no just reason for delay. Nonetheless, the court has considered the interests of judicial administration and the equities of the parties and finds there is no just reason for delay. Although the underlying facts of the remaining claim against Defendant Cruz overlap with some of the facts related to the other Defendants, the dismissed claims are distinctly separable from the unresolved claim against Defendant Cruz. Cruz was not named in the dismissed claims for "solitary confinement" and denial of medical/mental health services.[5] No party opposes this motion, and no party has alleged prejudice if Plaintiff's Motion is granted. The court expressly finds that there is no just reason for delay.

As for suspending or staying the one remaining claim in this case, judicial economy and the best interests of the parties dictate that the case should be stayed. All of Plaintiffs' claims should be tried together, if they are tried. If this court proceeded as to Defendant Cruz alone and if Plaintiff's appeal were successful, a decision on the claim against Cruz could affect the defenses of the other Defendants. For example, a finding that there was no sexual assault could moot all of Plaintiff's claims against the other Defendants related to the alleged sexual assault. Also, the jury in a trial against Mr. Cruz could find certain facts that relate to Plaintiff's claims against the other Defendants. Yet, as

---

[5] With regard to the alleged sexual assault, the court found that the other Defendants did not violate Plaintiff's constitutional rights, but there are genuine issues of material fact as to what Defendant Cruz did or did not do.

dismissed parties, the other Defendants would not be able to participate in that trial. Moreover, if the appellate court were to reverse all or part of this court's decisions, the parties would have duplicative trials as to many of the underlying facts.

CONCLUSION

For all these reasons, Plaintiff's unopposed Motion to Deem Judgment Final and to Stay Remaining Proceedings is **GRANTED**.[6] Pursuant to Fed. R. Civ. P. 54(b), the court certifies that its Orders at Docket Nos. 217 and 385 are final judgments as to Defendants Williamson County, McMahan, Adgent and Guffee and that there is no just reason for delay of an appeal. This action is **STAYED**, pending resolution of Plaintiff's appeal. The pretrial conference set for September 7, 2018 and the jury trial set for September 11, 2018, are canceled.

IT IS SO ORDERED.

This 24th day of July 2018.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[6] As noted, the request to certify the court's Order on the Motion to Strike and Motion in Limine is denied.

5