IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| J.H., by next friend BETTY HARRIS )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAMSON COUNTY, ET AL., )<br>    Defendants. ) | Case No. 3:14-cv-02356<br>District Judge Trauger<br>Magistrate Judge Frensley |

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Plaintiff J.H. was a minor when he brought this action through his mother, Betty Harris ("Ms. Harris"), alleging that Williamson County and several County employees, including Juan Cruz ("Mr. Cruz"), violated the Eighth Amendment, Fourteenth Amendment, and the Americans with Disabilities Act related to J.H.'s time in the Williamson County Juvenile Detention Center. Docket No. 1, ¶¶ 1-16. At this time, all Defendants have been dismissed except Mr. Cruz. Docket Nos. 384, 385.

This matter is now before the Court upon a Motion for Sanctions filed by Mr. Cruz. Docket No. 437. Mr. Cruz simultaneously filed a Memorandum Supporting Motion for Sanctions. Docket No. 438. Connie Reguli ("Ms. Reguli") was representing Plaintiff in this case, but the Tennessee Board of Professional Responsibility has suspended Ms. Reguli's law license. Docket No. 437-5. Larry Crain was also representing Plaintiff, but Judge Trauger granted Plaintiff's Motion for Leave to Withdraw as Counsel with regards to Mr. Crain. Docket No. 443. Judge Trauger gave Plaintiff until June 27, 2022, to have new counsel enter an appearance of record on Plaintiff's behalf. *Id*. On June 28, 2022, Mr. Blackburn entered an appearance of record on Plaintiff's behalf.[1] Docket

---

[1] Mr. Blackburn attempted to enter an appearance of record on June 27, but there was a filing error. Docket No. 445.

No. 446. On July 8, 2022, Mr. Kroll likewise entered an appearance of record on Plaintiff's behalf. Docket No. 447. Plaintiff then filed a Response in Opposition to Motion for Sanctions. Docket No. 448. For the reasons set forth below, the Court recommends that Mr. Cruz's Motion for Sanctions be **DENIED.**

## II. BACKGROUND

As stated in this Court's Order on April 12, 2022:

> This case, originally filed in 2014, has a long and tortuous procedural history that the Court will not attempt to reconstruct here.[2] Simultaneously, a parallel case (J.H. v. Williamson County, Case No. 2014-588) has been proceeding in Williamson County Circuit Court. Additionally, Mr. Cruz faced criminal charges stemming from the conduct alleged in the civil cases.[3] Throughout this time, Connie Reguli has represented J.H. and has regularly made public comments about the lawsuits, including on social media. *See, e.g.*, Docket No. 169-3. It appears that Williamson County has been funding the civil (but not criminal) legal defense for Mr. Cruz, as a Williamson County employee. Docket No. 421-1, p. 24-28. This fact has been the subject of some of Ms. Reguli's public comments. *See, e.g.*, Docket No. 414-2.

Docket No. 426, p. 2.

In that Order, the Court admonished Ms. Reguli for her extrajudicial statements and ordered Ms. Reguli to abide by LR 83.04. *Id*. at 10. Specifically, the Court warned Ms. Reguli against referring to Mr. Cruz as "pedo," "pedophile," "rapist," and "pervert." *Id*.

On April 26, 2022, Ms. Reguli and Ms. Harris hosted a Facebook Live event together. Docket No. 437, Ex. A. Within this livestream, Ms. Reguli and Ms. Harris stated that Williamson County has spent over a million taxpayer dollars "defending a pedophile." *Id*. at 5:07. Moreover,

---

[2] The procedural history is thoroughly set forth in the opinion of the Sixth Circuit Court of Appeals, filed in this matter at Docket No. 399.
[3] Mr. Cruz was acquitted of all criminal charges and his record was expunged. The entire criminal record, including the Order of Expunction, has been placed under seal by the Circuit Court of Williamson County. See Docket Nos. 269, 351.

Ms. Reguli and Ms. Harris also discussed how Ms. Reguli made requests to see Williamson County billing records for defending a "child predator." *Id*. at 6:37, 10:24. Ms. Reguli and Ms. Harris also blamed the District Attorney's Office for messing up an indictment of a "pedophile." *Id*. at 28:40.

The following day on April 27, 2022, Ms. Reguli sent out an email through her "Connie Reguli for Judge" account discussing different pieces of evidence in the criminal trial of Mr. Cruz.[4] Docket No. 437-2. In the evening of April 27, 2022, Ms. Reguli and Ms. Harris hosted another Facebook Live event where Ms. Reguli referred to Kelli Haas as the defense attorney for "a perpetrator of an assault," referring to Mr. Cruz. Docket No. 437, Ex. C at 20:48.

On May 1, 2022, Ms. Reguli sent out another email from her "Connie Reguli for Judge" account containing an attached endorsement by Ms. Harris in an article explaining why Craig Huey supports Ms. Reguli. Docket No. 437-4. In this endorsement, Ms. Harris derided Williamson County for paying for the criminal defense of a "pedophile." As a result of these comments, Mr. Cruz filed this Motion for Sanctions (Docket No. 437) against Ms. Reguli as well as Ms. Harris for defying the Court Order. (Docket No 426). "Mr. Cruz submits that the sanction of dismissal under 41(b) is appropriate considering Ms. Reguli's blatant disregard of a recent [C]ourt [O]rder." Docket No. 438, p. 2.

### III. LAW AND ANALYSIS

#### a. Legal Standards

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). When ruling on a motion to dismiss under 41(b), courts consider the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that

---
[4] Ms. Reguli has also published this evidence to her campaign website, https://connieforjudge.org/.

> failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999). Courts weigh these four factors against each other, and no one factor is outcome determinative. *Knoll*, 176 F.3d at 363; *Knight v. Systech Int'l, LLC*, No. 3-11-1024, U.S. Dist. LEXIS 138933, at *19 (M.D. Tenn. Sept. 25, 2013) (citing *Carpenter v. City of Flint*, 723 F.3d 700 (6th Cir. 2013)). However, these factors are weighed more stringently when the attorney's conduct precipitates dismissal. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997).

In assessing whether a party has acted in bad faith, willfully, or with fault, courts consider whether the party acted contumaciously. *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978)). In *Schafer v. City of Defiance Police Dep't*, the Sixth Circuit defined contumacious as "perverse in resisting authority" and "stubbornly disobedient." 529 F.3d 731, 737 (6th Cir. 2008) (citing *Contumacious*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1986)). Courts consider whether a party attempted to thwart judicial proceedings or exhibited a reckless disregard for judicial proceedings. *Wu*, 420 F.3d at 643; *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)).

An adversary is prejudiced by the dismissed party's conduct when the adversary must waste time, money, and effort in pursuing the dismissed party's cooperation in legally mandated matters. *Harmon*, 110 F.3d at 368.

If a party is not on notice that a court is contemplating dismissal for noncompliance, courts generally may not dismiss a case. *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). However, courts can dismiss the case without notice if the offending party has engaged in bad faith

4

or contumacious conduct. *Id*.

In weighing appropriate sanctions, courts can, but need not, articulate whether it considered lesser sanctions than dismissal. *Harmon*, 110 F.3d at 368. Considering other, lesser sanctions is but one non-dispositive factor in this balancing test. *Id*. Moreover, "[d]ismissal is usually inappropriate where the neglect is solely the fault of the attorney." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Carter*, 636 F.2d at 161). In *Little v Yeutter*, the Sixth Circuit held that dismissals are harsh sanctions that should be reserved for "extreme situations." 984 F.2d 160, 162 (6th Cir. 1993).

    **b.**        **The Case at Bar**

        **i.**        **Bad Faith, Willfulness, or Fault**

Mr. Cruz argues that Ms. Reguli and Ms. Harris acted in bad faith by defying the Court's Order and repeatedly referring to Mr. Cruz as a "pedophile" and "child predator." Docket 438, p. 3. Plaintiff responds that he has done nothing to "indicate a stubborn effort to delay trial." Docket No. 448, p. 4 (quoting *Wu*, 420 F.3d at 643 (citation omitted)). Plaintiff deflects the allegations of sanctionable behavior to Ms. Harris and Ms. Reguli, but Plaintiff maintains that neither Ms. Harris nor Ms. Reguli engaged in an effort to delay trial. Docket No. 448, p. 4. Finally, Plaintiff contends that Ms. Harris did not recklessly disregard the Court's Order because the Court did not specifically include Ms. Harris in the Order. *Id*.

On April 12, 2022, the Court warned Ms. Reguli not to make extrajudicial statements about this case. Docket No. 426, p. 10. The Court specifically ordered Ms. Reguli to refrain from using words such as "pedo," "pedophile," "rapist," and "pervert" as well as making other extrajudicial statements about the case. *Id*. On both April 26 and April 27 of 2022, Ms. Reguli and Ms. Harris

5

referred to Mr. Cruz as a "pedophile," "child predator," and "perpetrator of an assault.[5]" Docket No. 437-1, Ex. A at 5:07, 6:37, 10:24, 28:40; Docket No. 437-1 Ex. C at 20:48. Ms. Harris again referred to Mr. Cruz as a "pedophile" in a May 1, 2022, email endorsement sent through the "Connie Reguli for Judge" account. Docket No. 437-4, p. 3. These comments violate LR 83.04(a)(1) because Ms. Reguli disseminated these comments by public communication via Facebook Live as well as a campaign email. Docket No. 437-1, Exs. A and C.

Likewise, under LR 83.04(a)(1), there is a "substantial likelihood of materially prejudicing an adjudicative proceeding in the matter" because these comments fall squarely within LR 83.04(a)(2)(B). Ms. Reguli's and Ms. Harris's comments go right to the core of the character, credibility, and criminal record of Mr. Cruz because the term "pedophile" carries prejudicial connotations that would distort a juror's perspective. LR 84.03(a)(2)(B). The term is especially prejudicial when it is broadcast over Facebook Live (Docket No. 437-3, Exs. A and C) and campaign emails (Docket Nos. 437-2, 437-4) for a candidate running for elected office because of the potential scope of and influence on the target audience.[6] Despite Plaintiff's argument that any of these comments are a "quotation from or reference to public records," neither Ms. Reguli nor Ms. Harris pointed to any specific place in the public record that calls Mr. Cruz a pedophile when making these comments. LR 83.04; Docket No. 448, pp. 2-3.

Additionally, the Court warned Ms. Reguli against making comments about any evidence in the criminal case against Mr. Cruz because such comments would likely have a material prejudicial effect given that it is "evidence regarding the occurrence or transaction involved." LR

---

[5] In his brief, Plaintiff posits that these comments were about an unidentified person, but Plaintiff's contention that no potential juror would have drawn "the connection that Juan Cruz was the unidentified individual referenced in the materials" indicates that all of these comments were in fact about Mr. Cruz. Docket No. 448, p. 5.
[6] Ms. Reguli has a following of around 10,000 people between her Facebook and YouTube accounts. Docket No. 426, p. 8.

83.04(a)(2)(A); *see* Docket No. 426, p. 10. Ms. Reguli's April 27, 2022, email through her "Connie Reguli for Judge" account discussed DNA evidence in the criminal case against Mr. Cruz as well as potential video evidence against Mr. Cruz. Docket No. 437, pp. 2-3. These comments directly violate the Court's Order. Docket No. 426, p. 10.

Regarding Plaintiff's argument, an effort to delay trial is not the only kind of behavior that would lead to a finding of bad faith, willful conduct, or fault. Contumacious behavior by itself is sufficient to warrant such a finding. As exemplified above, the comments Ms. Reguli made despite being ordered to refrain from making such comments qualifies as contumacious behavior. Ms. Harris's comments likewise qualify as contumacious, but because Ms. Harris is not an attorney and the Court did not specifically order Ms. Harris to refrain from making such comments, the undersigned finds that Ms. Harris did not violate the Court's Order (Docket No. 426) or LR 83.04. Of course, the Court recognizes that J.H. remains blameless in these comments.

Ms. Reguli "stubbornly disobeyed" a Court order by violating LR 83.04. *See Schafer*, 529 F.3d at 737. Ms. Reguli and Ms. Harris both acted in bad faith, willfully, and with fault because the comments were made contumaciously.

### ii. Prejudice

Mr. Cruz argues that Ms. Reguli's and Ms. Harris's remarks prejudice Mr. Cruz because the comments tampered with the jury pool. Docket No. 438, p. 3. Mr. Cruz posits that because Ms. Reguli was a candidate for judge, her comments influenced the citizens of Williamson County, an area whose residents may be summoned for jury duty in the Middle District of Tennessee. *Id*.

Plaintiff responds that there are multiple counties within the Middle District of Tennessee from which the Court can draw a jury from. Docket No 448, p. 5. Plaintiff continues that there is a high probability that those selected for jury duty will not have seen Ms. Reguli's campaign

materials and that any issues from the campaign videos can be addressed during voir dire. *Id*. Plaintiff also contends that perspective jurors from Williamson County likely would not have drawn the connection that the "pedophile" Ms. Harris and Ms. Reguli were referring to was Mr. Cruz.[7] *Id*.

Mr. Cruz raises a different kind of prejudice than the kind that courts most typically consider in 41(b) motions.[8] Mr. Cruz focuses on how the comments may impact a jury rather than discuss the time, effort, and money Mr. Cruz invested in drafting his Motion for Sanctions. As noted above, the Court finds that Ms. Reguli's and Ms. Harris's comments could prejudice a jury. Mr. Cruz did take the time to prepare this motion (Docket No. 437), supporting brief (Docket No. 438), and exhibits (Docket Nos. 437-1, 437-2, 437-3, 437-4). Preparing and filing this motion required Mr. Cruz's effort and money and was expended to compel Ms. Reguli, and Ms. Harris for her involvement, to cooperate with a previous Court Order, and Plaintiff does not contest that fact. Accordingly, the Court finds that Mr. Cruz was prejudiced by these comments.

### iii. Prior Notice

Mr. Cruz admits that Ms. Reguli and Ms. Harris were not specifically warned that the case would be dismissed for making further extrajudicial comments. Docket No. 438, p. 3. However, Mr. Cruz avers that after the Court's recent Order (Docket No. 426), Ms. Reguli would be duly aware of the consequences of failing to comply with a court order. Docket No. 438, p. 4.

Plaintiff highlights that the Order from April 12, 2022, "did not condition compliance upon threat of dismissal," nor did the Order specifically include Ms. Harris. Docket No. 448, p. 6.

---

[7] This argument serves as the tacit admission that Ms. Reguli and Ms. Harris were specifically referring to Mr. Cruz every time they used terms like "pedophile," despite arguments that suggest that Ms. Reguli and Harris were talking about some unidentified individual. *See* Docket No. 448, pp. 2-4, 7; *see* n.5 *supra*.

[8] The kind of prejudice that both parties appear to argue about is the kind of prejudice the Court would consider for violation of LR 83.04.

Plaintiff proffers that there is no further risk of extrajudicial comments because Ms. Reguli has been suspended from the practice of law, has been removed from the case, and has ended her campaign for juvenile court judge. *Id*. Plaintiff also argues that his attorneys have instructed Ms. Harris to refrain from making further comments and delete previous comments that are online. *Id*.

In the Order from April 12, 2022, the Court did not discuss any specific sanctions that would be imposed if Ms. Reguli violated the Order. Docket No. 426. At the time Ms. Reguli and Ms. Harris made these comments, the Court had not warned them of the possibility of dismissal. However, as established above, the Court finds that Ms. Reguli and Ms. Harris acted contumaciously, and such behavior by itself can be sufficient to warrant dismissal even without notice. *See Harris*, 844 F.2d at 1256. Nevertheless, the undersigned did not put Plaintiff on notice that the case may be dismissed for violation of the Court's Order, and the undersigned believes that other factors present in this case do not warrant dismissal.[9]

### iv. Appropriateness of Other Sanctions

Mr. Cruz argues that dismissal of the case is warranted even though dismissal is a drastic sanction. Docket No. 438, p. 4. Mr. Cruz suggests that because Ms. Harris has joined Ms. Reguli in a "crusade to publicly defame Mr. Cruz," the Court would be punishing Ms. Harris for her own actions, not for "the wrongs of her counsel." *Id*.

Plaintiff responds that the comments made by Ms. Reguli and Ms. Harris are not defamatory because all of their comments are allegations from the public record. Docket No. 448, pp. 6-7. Plaintiff further contends that Mr. Cruz has not demonstrated that he has been prejudiced by these comments, and as a result, Plaintiff suggests that these comments do not constitute an extreme situation that warrants dismissal. *Id*. at 7.

---

[9] These other factors include the length of litigation, the appointment of new counsel, and most notably, J.H.'s innocence in his attorney's actions.

Plaintiff deserves his day in court. Dismissal or other sanctions would inappropriately punish J.H. for the wrongs of his counsel. The undersigned believes that Plaintiff's new counsel, Mr. Blackburn and Mr. Kroll, will adhere to all the rules and orders set forth by the Court and will help facilitate a resolution of this case on the merits. Should Ms. Harris or Plaintiff's new counsel make any further extrajudicial comments on this matter, the Court will consider recommending sanctions up to and including dismissal for contempt of court or violation of LR 83.04.

Ultimately, the extrajudicial comments do not warrant dismissal or other lesser sanctions in this matter because Ms. Reguli has already suffered severe consequences (albeit from other conduct) and is no longer counsel in this action. Ms. Reguli has had her law license suspended and has been removed from the case. The combination of these consequences assures the Court that she has been sufficiently sanctioned. Plaintiff's concern that the jury will be tainted, while legitimate, is minimal, and the Court is satisfied that these concerns can be addressed at trial. The Court further has confidence that new counsel with comply with the Court's order regarding extrajudicial statements. Finally, the Court gives great weight to the well-established principle favoring resolution of cases on the merits. Given the nature of the violation, the Court finds that no further sanctions are required.

## IV. CONCLUSION

For the reasons discussed above, the Court recommends that Mr. Cruz's Motion for Sanctions (Docket No. 437) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said

objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                   **JEFFERY S. FRENSLEY**
                                                                   **United States Magistrate Judge**