# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **J.H., By Conservator BETTY HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 3:14-cv-02356** |
| ) | **Judge Aleta A. Trauger** |
| **JUAN CRUZ,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>ORDER</u>

In response to defendant Juan Cruz's Motion in Limine to Exclude the Testimony of Gregory Fort (Doc. No. 455), which relies on the Report prepared by the defendant's expert, Dr. Dan Krane (Doc. No. 455-3), the plaintiff has filed a Motion to Strike Testimony of Dr. Dan Krane and Defendant's Related Motion in Limine (Doc. No. 501). The defendant filed a Response in opposition. (Doc. No. 505.) The plaintiff filed a Reply, effectively doubling down on the argument that the Motion in Limine should be stricken but also requesting, in the alternative, that, if the court denies the Motion to Strike, the plaintiff be provided leave to file a response to the defendant's Motion in Limine. (Doc. No. 507.) The defendant, with leave of court, filed a Surreply. (Doc. No. 511.)

## I.    BACKGROUND

The plaintiff's motion seeks an order excluding the testimony of Dr. Dan Krane on the basis that defendant Cruz never disclosed any "expert of his own at any point in this litigation," never mentioned Dr. Dan Krane in any of his discovery responses, and "never sent any correspondence before the expert disclosure deadline regarding his anticipated use of Dr. Krane as

his own expert witness." (Doc. No. 501, at 1, 2.) He[1] also argues that Dr. Krane was not identified in Cruz's initial Rule 26 disclosures, which were served on the plaintiff in March 2022.[2] In this document, Cruz disclosed his intention to use as witnesses "experts identified by the parties in accordance with any schedule" but did not identify Dr. Crane by name at that time either. (*See* Doc. No. 501-1, at 3.)

The plaintiff contends that the first time the defendant disclosed his intention to use Dr. Krane as an expert was when he filed the Memorandum in support of his Motion in Limine to exclude the testimony of Gregory Fort, an agent with the Tennessee Bureau of Investigation ("TBI"). As the plaintiff notes, this Memorandum explains in a footnote that Dr. Krane was disclosed as an expert by the "County Defendants"—including Williamson County and three individuals employed by Williamson County, all of whom were granted summary judgment in July 2018 (*see* Doc. Nos. 384, 385)—and states that Cruz also "provided a Rule 26 disclosure in which he expressed his intention to rely on Dr. Krane's testimony and to call Dr. Krane at trial if necessary." (*See* Doc. No. 456, at 2 n.5.) The plaintiff objects to the defendant's expressed intention to rely on Dr. Krane at trial, because (1) the County Defendants, not Cruz, disclosed Dr. Krane as an expert; (2) Cruz's Rule 26 disclosures provided in March 2022 do not mention Dr. Krane by name and fail to comply with Rule 26; and (3) any supplementation of Cruz's Rule 26

---

[1] Although this litigation is conducted by plaintiff J.H.'s mother and conservator, J.H. technically is the plaintiff, with respect to whom the court will continue to employ masculine pronouns and possessive adjectives.

[2] It is unclear to the court why Cruz would be making "initial" Rule 26 disclosures in March 2022, more than seven years after the case was filed and approximately six years after the case was reopened upon the resolution of the criminal charges against Cruz.

initial disclosures was due by April 4, 2016,[3] pursuant to the Initial Case Management Order entered in this case on April 4, 2016 (Doc. No. 31).

In his Response to the plaintiff's Motion to Strike, Cruz disputes the plaintiff's assertion that he did not make a timely disclosure of his intention to rely on Dr. Krane as an expert. Specifically, the defendant attached as exhibits to his Response to the County Defendants' Rule 26 Expert Report by Krane, which was served by hand-delivery on the plaintiff's counsel on January 12, 2018 (Doc. No. 505-2), and Cruz's Rule 26 Expert Disclosure, which was emailed to plaintiff's counsel on the same day, along with a cover email stating: "Please confirm receipt and if you request service by other means" (Doc. No. 505-1, at 1). Cruz's expert disclosure states:

> Comes Defendant Juan Cruz ("Mr. Cruz") and files his Federal Rule of Civil Procedure 26(a)(2)(A) Expert Disclosures as ordered by this Court. Mr. Cruz gives notice that he intends to rely on the expert disclosures of Defendant Williamson County with regard to medical testimony and DNA evidence. Mr. Cruz further reserves the right to rely upon any other expert witness disclosed by any Defendant.

(Doc. No. 505-1, at 2.) This disclosure includes a Certificate of Service documenting service by email on two different attorneys for the plaintiff as well as on the County Defendants' attorney. (*Id.* at 3.)

Based on this timely disclosure and the plaintiff's failure to respond to the substance of his Motion in Limine, Cruz asserts that the plaintiff's Motion to Strike should be denied and that his Motion in Limine should be granted.

The plaintiff's Reply contends that Cruz's service of his expert disclosure was ineffective under Rule 5 of the Federal Rules of Civil Procedure, because it was sent by email, and there is no evidence that plaintiff's counsel consented to service by email. In addition, he argues that the disclosure in January 2018 and the subsequent disclosure in March 2022 both fail to satisfy Federal

---

[3] It is unclear whether Cruz ever made initial disclosures in 2016 or anytime before then.

Rule of Civil Procedure 26(a)(2) and Local Rule 39.01(5)(C), because they do not identify Dr. Krane by name and were not accompanied by a copy of Dr. Krane's expert report. He asserts that this failure to disclose requires exclusion of Dr. Krane's testimony. (Doc. No. 507, at 4 (citing Fed. R. Civ. P. Rule 37(c)).)

The defendant's Surreply posits that (1) the plaintiff does not deny receiving the County Defendants' Rule 26 expert report for Dr. Crane or Cruz's emailed expert disclosure the same day in January 2018; (3) the plaintiff does not deny receipt of notice that Cruz intended to rely on Dr. Krane's testimony; (4) the standard under Rule 37(c) for the alleged failure to timely disclose a witness is whether the noncompliance was "harmless"; and (5) Rule 26(e) requires the disclosure of the "identity" of any expert witness the party may use at trial, which Cruz satisfied when he unambiguously communicated his intention to rely on the County Defendant's DNA expert—of which there was only one.

## II. DISCUSSION

As an initial matter, the court notes that the Federal Rules of Civil Procedure generally authorize the court to "strike" "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*." Fed. R. Civ. P. 12(h) (emphasis added). The defendant's Motion in Limine and expert disclosure are not pleadings. The court construes the plaintiff's motion as, effectively, a motion to exclude evidence under Rule 37(c)(1) and/or for insufficient service under Rule 5.

Rule 5 provides, as relevant here, that service of a paper may be made by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E). Because the "paper" at issue here consisted of discovery, it was not filed with the court, so the first part of this Rule is not strictly applicable. However, the court observes that the Local Rules of Court require that all attorneys practicing in the Middle District of Tennessee must register as users of the court's

Electronic Filing system, file their documents electronically, and receive service of filed documents electronically. L.R. 5.02(a) & (c). Service by email has, effectively, become the norm.

Courts have nonetheless required strict compliance with Rule 5(b)(2)(E), particularly, for example, in the context of service of Rule 11 motions, in light of Rule 11's express requirement that a motion for sanctions "*must* be served under Rule 5." Fed. R. Civ. P. 11(c)(2) (emphasis added). *See, e.g.*, *In re Pratt*, 524 F.3d 580, 586 (5th Cir. 2008) ("Compliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 11."). Within the Sixth Circuit, at least once district court has noted that, "[w]hile 'actual notice' when service is not accomplished in accordance with the requirements of Rule 5(b) . . . is not usually found to be a substitute for service under the requirements of Rule 5(b), in certain circumstances, proper service by means outside of the strict terms of Rule 5(b) has been upheld where 'good cause' is shown." *Westlake Reed Leskosky v. Hudson Holdings, LLC*, No. 1:20-CV-1751, 2022 WL 1749524, at *9 (N.D. Ohio May 31, 2022) (citing *S. Cal Darts Ass'n v. Zaffina*, 762 F.3d 921, 928 (9th Cir. 2014)). One circumstance that will satisfy the "good cause" standard, for example, is when "a party has previously accepted service by a method outside of Rule 5(b) without objection." *Id.* (citing *Salley v. Bd. of Governors*, 136 F.R.D. 417, 420–21 (M.D.N.C. 1991)); *see also Van v. Language Line, LLC*, No. 14-CV-03791-LHK, 2016 WL 5339805, at *6 (N.D. Cal. Sept. 23, 2016) (finding service "in accordance with the parties' usual practice" sufficient despite its deviance from Rule 5(b)), *aff'd sub nom. Van v. Language Line Servs., Inc.*, 733 F. App'x 349 (9th Cir. 2018)

In this case, the record does not contain evidence of the parties' *prior* practice of serving discovery by email, but the defendant points out that the plaintiff himself has recently employed service of discovery documents by email. (*See* Doc. No. 511-1.) In addition, plaintiff's counsel consented to service of court filings by email, by registering as a user of the court's electronic

filing system. More critically, the plaintiff does not deny having actual notice of the defendant's disclosure and never objected to service by email.[4]

The court also finds that Rule 5's service requirement, insofar as it pertains to the service of discovery, must be read in conjunction with Rule 37(c)(1). This rule provides that a party who "fails to provide information or identify a witness as required by Rule 26(a) or (3) . . . is not allowed to use that information or witness to supply evidence on a motion . . . or at a trial, unless the failure was *substantially justified or harmless*." (Emphasis added.) The Sixth Circuit has identified five factors to be considered in assessing whether a party's omitted or late disclosure is "substantially justified" or "harmless":

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

In this case, Cruz's reliance on the expert disclosed by his co-defendants cannot come as a surprise to the plaintiff. The County Defendants disclosed Dr. Krane's Report in January 2018 and relied on it (among other expert reports) when they filed their summary judgment motions in the spring of 2018. The plaintiff does not contend that Dr. Krane's report otherwise fails to satisfy Rule 26(a)(2)(B). Although Cruz did not strictly comply with Rule 5 in serving his own expert disclosure on the plaintiff, the plaintiff does not dispute receiving it. Using the evidence will not disrupt the trial, and the evidence is clearly important. Applying Rule 5 strictly in this context

---

[4] The court is cognizant that current counsel for the plaintiff came on board relatively late in these proceedings, after previous counsel was required to withdraw, and may not be fully aware of all of the exchanges that occurred prior to their retention.

would be contrary to Rule 37's harmlessness standard. The court finds that the defendant's failure to serve his expert disclosure in strict compliance with Rule 5 is excusable in light of the fact that the plaintiff had actual notice of the disclosure and of Cruz's intention to rely on the County Defendants' experts, and the plaintiff will not suffer prejudice from the admission of Dr. Krane's expert report.

In addition, the court is not persuaded by the plaintiff's objection based on Cruz's failure to strictly comply with Rule 26(a)(2). This rule requires a party to disclose the "identity" of any expert witness the party may use at trial and to provide a written report prepared and signed by such expert. Fed. R. Civ. P. 26(a)(2)(A) & (B). Defendant Cruz expressly disclosed his intention to rely on the County Defendant's DNA expert. The County Defendants identified only one DNA expert and provided his signed, written report to the plaintiff (at least twice). Cruz's unambiguous expression of his intention to rely on the County Defendants' DNA expert satisfied his obligation to "identify" the proposed expert, and the report filed by the County Defendants was sufficient to cover Cruz's obligation to provide a report as well, particularly in light of the fact that Cruz himself does not appear to have "specially employed" Krane to testify as an expert on his behalf. Fed. R. Civ. P. 26(a)(2)(B).

The plaintiff's Motion to Strike (Doc. No. 501), therefore, is **DENIED**. The plaintiff is **GRANTED FOURTEEN DAYS** to respond to the substance of the defendant's Motion in Limine to exclude Gregory Fort's report and testimony (Doc. No. 455).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge