# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **J.H., By Conservator BETTY HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:14-cv-02356** |
| | ) | **Judge Aleta A. Trauger** |
| **JUAN CRUZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

Before the court is defendant Juan Cruz's Motion in Limine to Exclude Evidence Related to Expunged Criminal Proceeding (Doc. No. 473), and his related Motion for Reconsideration of Court's Order Excluding Evidence of Acquittal (Doc. No. 475). Cruz filed Memoranda in support of each of these motions. (Doc. Nos. 474, 476.) The plaintiff filed Responses in opposition to each (Doc. Nos. 498, 499), and the defendant filed a consolidated Reply (Doc. No. 506).

For the reasons set forth herein, Cruz's Motion in Limine will be denied, but his Motion for Reconsideration will be granted, both without prejudice to the ability of either party to object to the introduction of specific evidence at trial.

## I.   BACKGROUND

The plaintiff filed this lawsuit on December 14, 2014, asserting, as relevant here, a claim under 42 U.S.C. § 1983 against Juan Cruz, premised upon allegations that Cruz violated his constitutional rights when he sexually assaulted the plaintiff.[1] As originally formulated, the lawsuit included numerous other claims against other defendants. (*See* Compl., Doc. No. 1.) The case was

---

[1] The plaintiff was a minor at the time, and the lawsuit was filed on behalf of J.H. by his mother, Betty Harris, as his "next friend." (*See* Doc. No. 1.) When the plaintiff turned eighteen, Betty Harris was appointed as J.H.'s conservator.

administratively stayed on January 12, 2015, pending resolution of the related state criminal charges against Cruz. (Doc. No. 16.) In February 2016, the defendants gave notice that Juan Cruz had been acquitted of all charges against him, and this matter was reopened. (Doc. Nos. 18, 19.)

On July 5, 2018, the court denied the plaintiff's Motion for Summary Judgment but granted the other defendants' Motions for Summary Judgment, dismissing all claims asserted in this case against all defendants, *except* the sexual assault claim under § 1983 against Cruz. (Doc. Nos. 384, 385.) At the same time, in conjunction with the ruling on the summary judgment motions, the court addressed several auxiliary motions, including the plaintiff's Motion in Limine that sought to exclude evidence the defendants intended to use "in support of their responses in opposition to Plaintiff's Motion for Summary Judgment." (Doc. No. 356, at 1.) Among other things, the plaintiff requested the exclusion of evidence of Defendant Cruz's acquittal. (*Id.*) The court granted that portion of the plaintiff's Motion in Limine, stating without discussion that this evidence was "more prejudicial than probative under Fed. R. Evid. 403." (Doc. No. 386, at 8.)

Fast forward three and one-half years, during which the case was stayed for another substantial period of time while the plaintiff's appeal of summary judgment for the other defendants was pending. The Sixth Circuit affirmed, and this case is finally on the verge of going to trial on the sole remaining claim against Cruz. Cruz now seeks an order "barring the introduction of expunged records and testimony regarding expunged records," specifically including "the criminal court file, exhibits entered into evidence in the criminal matter, the entirety of any law enforcement investigative file, and any other records pertaining to the expunged criminal charges against Mr. Cruz due to the Orders of Expungement entered on April 19, 2016 by the Williamson County Criminal Circuit Court." (Doc. No. 474, at 1.) In his Memorandum in support of his motion, Cruz references a parallel state court civil action that was also stayed during the pendency of the criminal proceedings. In the state civil case, however, the trial court entered an order directing the parties to "preserve all potentially relevant documents and data" and to "take

reasonable steps to avoid inadvertent loss or destruction of such documents or data." (Doc. No. 474, at 2 (citing Williamson County Circuit Court January 19, 2015 Order on Motion to Stay ("State Court Stay Order"), Doc. No. 182-1).)

Following his acquittal, Cruz became eligible under state law for expungement of the criminal record. However, in light of the State Court Stay Order, Cruz entered into an Agreed Order with the District Attorney General's Office, pursuant to which "exhibits, marked for identification and entered into evidence in the criminal trial and records (audio or written) of testimony" from the criminal trial were preserved and transferred under seal to the Williamson County Civil Circuit Court "for use in related civil matters prior to any execution of an Order of Expunction." (Doc. No. 474, at 2–3 (quoting Feb. 17, 2016 Agreed Order ("Agreed Order"), Doc. No. 182-2).) On April 19, 2016, the Williamson County Criminal Court issued Orders for the Expungement of Criminal Offender Record for each of the indictments brought against Cruz, requiring that all public records related to the charges "be expunged and immediately destroyed" and that "no evidence of such records pertaining to such offense be retained by any municipal, county, or state agency, except non-public confidential information retained in accordance with T.C.A. § 10-7-504 and T.C.A. § 38-6-118." (*Id.* at 3 (quoting Doc. No. 182-3).) On March 4, 2017, the Williamson County Circuit Court entered an Order ("State Court Estoppel Order") holding that Cruz was "estopped from preventing the use of or reference to records, materials and other matters subject to the Criminal Court Expungement Order." (Doc. No. 182-5.)

In March 2017, the plaintiff filed a Motion to Compel Production of Witnesses and Evidence from Criminal Proceedings (Doc. No. 173), and Cruz filed a Motion for Protective Order Regarding Expunged Records in this court, asking the court to bar the production of expunged records or the discovery of information within the expunged records in this federal lawsuit (Doc. No. 180).) Cruz argued that the records from the criminal proceeding were not discoverable due to the Orders of Expungement entered in the state court action on April 19, 2016. (Doc. No. 182,

at 1.) The Magistrate Judge, addressing both of these motions, entered an Order referencing the State Court Estoppel Order and holding, similarly, that Cruz, by entering into the Agreed Order, had waived his rights under the expungement statute "as to the particular items identified in the Agreed Order." (Doc. No. 206, at 7.) The Magistrate Judge therefore granted the plaintiff's Motion to Compel and denied Cruz's Motion for a Protective Order, noting at the same time that he was not ruling on the admissibility at trial as to any of the evidence covered by that Order. (*Id.* at 9.)

In his present Motion in Limine, Cruz contends that the records from the criminal proceeding, although produced in discovery, are inadmissible at trial pursuant to Tennessee law governing expungement of criminal records, Tenn. Code Ann. § 40-32-101. He asserts that the plaintiff has made it known that he intends to offer portions of the criminal records to be admitted at trial and argues that (1) the operative state law provides no mechanism that would permit the plaintiff to "override the existing Tennessee law as it relates to expunged records" (Doc. No. 474, at 8); (2) this court has no authority to limit or modify the expungement order; (3) the plaintiff has no standing to challenge the expungement order; (4) admission of the expunged records would be more prejudicial than probative and must be excluded under Rule 403 of the Federal Rules of Evidence; and (5) the State Court Estoppel Order and the Magistrate Judge's Discovery Order both addressed discovery only and have no bearing on the question of the admissibility at trial of the expunged criminal record.

In his Motion for Reconsideration, Cruz posits that evidence of the TBI's investigation into the assault charges against him (including in particular a recorded interview with J.H. and the TBI's DNA testing and results) "are potentially going to be presented to the jury." (Doc. No. 476, at 1.) He argues that allowing the jury to view evidence that he was criminally investigated and that the TBI identified DNA evidence potentially implicating him, "without also allowing proof that Mr. Cruz was acquitted of the charges brought against him, would be manifestly unjust." (*Id.*) A footnote to this motion indicates that the Motion in Limine regarding the exclusion of the

expunged criminal record was filed "in the alternative," in the event the Motion for Reconsideration of the Order excluding the evidence of acquittal is denied. (Doc. No. 476, at 5 n.2.)

The plaintiff opposes both motions. In Response to the Motion in Limine, he argues that (1) the Tennessee expungement statute, Tenn. Code Ann. § 40-32-101(b), addresses government entities' retention and disclosure of expunged records but has no bearing on the admissibility of such records in a civil trial; (2) the expungement statute does not apply to federal court proceedings and, even if it did, would not bar the use of investigative reports, arrest records, and other related documents; (3) in any event, sealed juvenile records do not qualify as public records and are not subject to the expungement statute; and (4) another Tennessee statute specifically authorizes the plaintiff and his counsel to possess all records or reports of child abuse, including "files, reports, records, communications and working papers related to investigations" (Doc. No. 498, at 2 (citing Tenn. Code Ann. § 37-1-612(a) & 612(c)(6)).) The plaintiff argues that he should, at a minimum, be permitted to impeach Cruz and his expert witness on issues that may arise at trial and to use prior court testimony and investigative interviews for purposes of impeachment or refreshing the memory of witnesses.[2]

In his Response to the Motion for Reconsideration, the plaintiff argues that (1) evidence of acquittal is irrelevant, immaterial, and would cause considerable confusion for the jury, because of the different standard of proof that applies to civil matters; and (2) the court has already ruled that this evidence is inadmissible under Rule 403, and the Motion for Reconsideration is "untimely and improper" under Rule 59, because Cruz cannot show that the exclusion of the evidence would

---

[2] He also contends that he should "be allowed to use the criminal court finding of clear[] and convincing evidence that the sexual assault occurred." (Doc. No. 498, at 3.) The plaintiff does not provide a record citation for such a finding by the criminal court. Moreover, this assertion is not supported with reference to law or presented in the form of an actual motion. As a result, the court is not called upon to rule upon the admissibility of any such state court finding and makes no such ruling here.

result in manifest injustice. (Doc. No. 499, at 2.)

Cruz, in his consolidated Reply, disputes the plaintiff's suggestion that his Motion for Reconsideration is untimely, in light of the overall trajectory of this case, and he reiterates that prohibiting evidence of acquittal while admitting other evidence of the criminal investigation and prosecution would unfairly prejudice Cruz. He contends that if evidence of acquittal is barred, then his Motion in Limine to bar introduction of expunged records should be granted. (Doc. No. 506.)

## II.    DISCUSSION

### A.    Motion in Limine—Criminal Court Records

The previous orders from both the state court and the Magistrate Judge in this case addressed the *discoverability* of records from the criminal court proceedings, not their admissibility at trial. Neither, therefore, has any bearing on the current motion.

The expungement statute, Tenn. Code Ann. § 40-32-101, must be read in conjunction with Tenn. Code Ann. § 37-1-612, which provides in relevant part:

> (a) In order to protect the rights of the child and the child's parents . . . , all records concerning reports of child sexual abuse, including files, reports, records, communications and working papers related to investigations or providing services; video tapes; . . . and all records generated as a result of such processes and reports, shall be confidential and exempt from other provisions of law, and shall not be disclosed, except as specifically authorized by [law].
>
> . . . .
>
> (c) In addition to such other purposes as may be directly connected with the administration of this part, access to such records, excluding the name of the reporter, which shall be released only as provided in subsection (g), shall be granted to the following persons, officials, or agencies for the following purposes:
>
> . . . .
>
> (6) An attorney or next friend who is authorized to act on behalf of the child, who is the subject of the records, for the purpose of recovering damages or other remedies authorized by law in a civil cause of action against the perpetrator or other person or persons who may be responsible for the actions of the perpetrator . . . .

In other words, the law clearly contemplates the ability of a child who has been the victim of sexual abuse (or claims to have been a victim of sexual abuse) to use records related to the investigation

of his allegations of sexual abuse in a civil proceeding to recover damages for such sexual abuse. The records are not subject to exclusion simply because they might otherwise be covered by the expungement statute. Without addressing the plaintiff's other arguments, the court finds that the wholesale exclusion of records from the criminal proceeding in the trial of this case is not warranted.

Cruz's Motion in Limine (Doc. No. 473) is, therefore, **DENIED**, but without prejudice to his ability to object during trial to the use of specific records on any grounds authorized by the Federal Rules of Evidence.

### B.    Motion for Reconsideration

Regarding the Motion for Reconsideration, the court finds that there is effectively no previous order in effect governing the admissibility *at trial* of the evidence of acquittal. The plaintiff's earlier motion to exclude evidence of Cruz's acquittal was clearly made in the context of the then-pending Motions for Summary Judgment—specifically the plaintiff's. The entire title of the plaintiff's motion was "Motion in Limine and to Strike References [to] Excluded Evidence in Responses to Summary Judgment Filed by Williamson County Defendants and Defendant Juan Cruz [sic]" (Doc. No. 356, at 1.) The plaintiff expressly objected to the defendants' "use of this evidence in support of their responses in opposition to Plaintiff's Motion for Summary Judgment." (*Id.*) The defendants addressed it as such—basically agreeing that the evidence of acquittal was irrelevant to the Motions for Summary Judgment. (Doc. No. 372, at 3.) They also noted, however, that, insofar as the plaintiff intended to exclude evidence of acquittal at trial, the motion was premature. (*Id.* at 1 n.1) The defendants expressly reserved the right to respond to any trial-related motion in limine in accordance with the schedule set forth in the Pretrial Order (Doc. No. 282). (Doc. No. 372, at 1 n.1.) The case did not proceed to trial in the fall of 2018, thus obviating the need for further response at that time.

In ruling on the plaintiff's Motion in Limine at the time, the court also acknowledged that it was directed toward the defendants' Responses to the plaintiff's summary judgment motion: "Plaintiff asks the court to strike references 'of excluded evidence' in Defendants' responses to Plaintiff's Motion for Summary Judgment." (Doc. No. 386, at 8.) The court, in granting the motion, granted only the relief requested by the plaintiff in the original motion, without analysis, as the motion was unopposed. The court now reconfirms that the July 2018 Order did not address the question of whether evidence of acquittal was admissible at trial.

Further, to the extent there could be any confusion on that point, the court also finds—in light of the changed circumstances and the amount of water that has flowed under the bridge since then—that reconsideration of the previous Order would be appropriate. The Motion for Reconsideration is not untimely, given the stay of all proceedings following the court's grant of summary judgment to the other defendants and the resetting of all trial-related deadlines, as well as the defendants' reservation of the right to fully respond to the question of whether the evidence of acquittal should be admissible at trial.

Regardless, the court declines now to issue a ruling affirmatively admitting or barring the evidence of acquittal. The plaintiff is correct that the evidence of acquittal would likely be confusing to the jury, but such confusion could be avoided with a jury instruction regarding the differing standards of proof that prevail at criminal trials as opposed to civil trials. The defendant is correct that he may be prejudiced by the exclusion of that information if the jury otherwise learns information about the criminal proceedings. However, the relevance and need for the evidence of acquittal will depend entirely on what evidence from the criminal trial ultimately comes into evidence or is used for a permissible purpose at trial and whether, in fairness to Cruz, clarification that he was acquitted of criminal charges becomes necessary.

### III. CONCLUSION AND ORDER

In summary, Cruz's Motion in Limine to Exclude Evidence Related to Expunged Criminal Proceeding (Doc. No. 473) is **DENIED**, but without prejudice to the ability of either party to object to the use or admissibility of specific evidence on any grounds permitted by the Federal Rules of Evidence. Cruz's Motion for Reconsideration (Doc. No. 475) is **GRANTED**, but the court **DECLINES** to rule at this point on the admissibility of evidence of acquittal at trial. If the defendant seeks to introduce or use such evidence at trial, the plaintiff may renew his objections based on any applicable evidentiary rules.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge